CAROLINE STEHLIN, INDIVIDUALLY AND AS EXECUTRIX OF JOSEPH STEHLIN, DECEASED, APPELLANT, *v.* CHARLES V. STEHLIN AND JOHN SUTTER, CO-EXECUTORS OF SAID JOSEPH STEHLIN, DECEASED, AND MARY STEHLIN AND OTHERS, INFANTS, ETC., RESPONDENTS.

*Will — suspension of the power of alienation during minority — power of sale to executors, one of whom is a tenant in common of testator's real estate.*

A will contained the following provisions:

"(1.) I give and bequeath unto my beloved wife all the real and personal property I may die seized and possessed of, nevertheless, until my youngest child may become the age of majority.

"(2.) I hereby direct that my executors hereinafter mentioned shall, at the time when any of my child or children shall marry, to give to such child or children the sum of $5,000; and I direct that when, in the discretion of my executors hereinafter named, they deemed it is necessary, they shall give to any such child

or children the sum of $5,000, but when the estate shall be divided the sum that any such child or children may have received shall be deducted, and the balance or residue shall be divided equally, share and share alike, among my said children, except one-third of the entire estate shall be given to my wife as her right of dower.

"(4.) But, in case my wife shall remarry, I direct that my executors hereinafter named shall give unto my wife as her interest and for the support of my children the sum of $1,800 a year and the possession of the premises she now occupies, rent free."

*Held*, that the suspension of alienation during the minority of the testator's youngest child, created by the first clause, was valid.

That the gift, by the second clause, to each child on marriage, was not intended to be postponed until the majority of the youngest child, but was receivable on the marriage of any child during the minority of the youngest.

That the effect of the first and fourth clauses was to give the widow, in case she did not remarry, the use of the entire estate during the minority of the youngest child, subject to the right of each child to receive, under the second clause, an advancement of $5,000 on marriage, but in case the widow remarried during the minority of the youngest child, then she was to have $1,800 a year for herself and for the children's support during such minority, with the use of the house.

That, by the second clause, the widow was given one-third of the estate absolutely on its final division at the end of the minority of the youngest child, this gift not being affected by the direction of the fourth clause in case of her remarriage, which only applied to the provision made for her during the minority of the youngest child.

The will empowered the executors to sell and convey all the testator's real estate, a part of which consisted of an undivided one-half share of land held by the testator and one of the executors as tenants in common.

*Held*, that such executor could join with the other executors in a deed in execution of the power of sale.

APPEAL by the plaintiff, Caroline Stehlin, individually, and as executrix, from a judgment and decree rendered at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 21st day of May, 1892, in an action brought for the construction of the will of Joseph Stehlin, deceased, adjudging the will to be void, and to have made no valid disposition of the decedent's property.

*Cornelius E. Kene*, for the appellant.

*Moses Weinman*, for the respondent, Charles V. Stehlin.

*R. McKinlay Power*, guardiam *ad litem*, for the infant children, respondents.

BARNARD, P. J.:

Joseph Stehlin, a resident of Westchester county, died in September, 1890, leaving a last will and testament of which this a copy:

"IN THE NAME OF GOD, AMEN.— I, Joseph Stehlin, of New Rochelle, Westchester county, being of sound mind and memory, and knowing the uncertainty of this life, do make, publish and declare this to be my last will and testament as follows, viz.:

"*First.* After all my just and lawful debts are paid, I give and bequeath unto my beloved wife all the real and personal property I may die seized and possessed of, nevertheless, until my youngest child may become the age of majority.

"*Second.* I hereby direct that my executors hereinafter mentioned shall at the time when any of my child or children shall marry, to give to such child or children the sum of five thousand dollars, and I direct that when, in the discretion of my executors hereinafter named, they deemed it necessary they shall give to any such child or children the sum of five thousand dollars, but when the estate shall be divided the sum that any such child or children may have received shall be deducted and the balance or residue shall be divided equally, share and share alike, among my said children, except one-third of the entire estate, shall be given to my wife as her right of dower.

"*Third.* Should any of my said child or children marry and leave issue then such interest that such child or children may be entitled to shall be divided among such issue, share and share alike.

"*Fourth.* But in case my wife shall remarry, I direct that my executors hereinafter named shall give unto my wife, as her interest and for the support of my children, the sum of eighteen hundred dollars a year and the possession of the premises she now occupies, rent free.

"*Fifth.* I direct that all the paintings and engravings that are now mine shall be, after my death, put up at private or public sale, at any time within five years from the time of my death and when my executors, who are hereinafter named, shall be so advised by some expert.

"*Sixth.* I hereby appoint my beloved wife, Caroline Stehlin, executrix of this my last will and testament and John Sutter and Charles V. Stehlin to be the executors of this my last will and testa-

ment, giving and granting unto my said executors full power to sell and convey any and all my real estate or personal property, and to execute all necessary papers and conveyances, revoking all former wills by me made.

"In witness whereof, I have hereunto subscribed my name, the 21st day of July, A. D. 1890.

"JOSEPH STEHLIN."

The deceased left a widow and six children who were, at the time of his death, and still are, minors. A very considerable portion of his property was and is an equal undivided one-half share of land held by him and his brother, Charles V. Stehlin, as tenants in common. Charles V. Stehlin is one of the executors of the will. The entire estate is stated to be nearly $100,000. The question presented is, what is the true construction of the will? The bequest in the first clause standing alone is good. The suspension of the power of alienation to a period of time described as "until my youngest child may become the age of majority," is only a suspension during the minority of the youngest child, Georgina Stehlin, who was seven months old at testator's death. (*Roe* v. *Vingut*, 117 N. Y., 204.)

This first clause is not, however, absolute. By the second clause each of the children were entitled to $5,000 on their marriage, and this when they married during the minority of this infant child, Georgina. The testator meant to give something by the second section, and it is not reasonable to hold that he intended to compel his children to wait for the $5,000 until after so long a ,period expired, especially as his oldest daughter was seventeen years old at his death. In case the youngest child lived to his majority she would get nothing if she married until she was thirty-eight years old. By the second clause the widow is entitled to one-third of the estate, real and personal, as her right of dower, but she is entiled to it absolutely if she remains unmarried. By the fourth clause a change is made in case she remarry, and this, to me, is the most uncertain of all the other parts of the will. If she remarry "her interest and for the support of my children" is cut down to $1,800 yearly, and the use of the family residence, rent free. Is this to be a possession for life in lieu of dower, and extending beyond the period when the youngest child became of age, or is it only intended

to operate in case the wife marry again during the existence of such minority and which is to end when the minority ceases ? The most reasonable construction is that this clause was only designed to provide for a remarriage while the period mentioned in the first clause was running during the minority of the child. At the end of the minority she took absolutely the one-third of the estate and there is nothing in this fourth clause which takes that away. At the end of the minority the estate will be wholly divided; one-third to the widow and the other two-thirds among the children equally. If the clause was designed to cut down the widow's right under the second clause some provision would be made to reserve the $1,800 a year until the widow died, so as to be on hand in case she married after the minority ceased. The will, therefore, gave the use of the entire estate to the widow during the minority of the youngest child subject to a right in each child upon his or her marriage to get $5,000 advancement, and in case the widow marries during the minority of this youngest child she is to have $1,800 a year for herself and childrens' support with the use of the house. At the end of the minority the estate is wholly free. There seems to be no good reason why the executor who owns one equal half of the real estate is disqualified from joining in a deed with the other executors if the two hold in common or in severalty the one-half of the deceased therein. He could certainly be appointed an attorney or agent for that purpose in testator's life, and he certainly can give the same power by will.

The decree should be modified accordingly, with costs to appellant out of the estate.

PRATT, J., concurred; DYKMAN, J., not sitting.

Decree modified in accordance with opinion; order to be settled by Justice BARNARD.